PER CURIAM.
On September 23, 1993, Patricia Salazar filed the complaint in this auto accident personal injury case against Chrishane Dorr, who was driving a rental car when the accident which forms the basis of the instant action occurred. Seven days later, on September 30, 1993, the Secretary of State accepted service of process on behalf of defendant, Chrishane Dorr, a resident of France. On October 5, 1993, Salazar registered-mailed notice of service and a copy of the *247 process to Dorr at his believed address in Vanoenvere, France. On October 11, 1993, Salazar moved for and was granted an extension of time through November 5, 1993, within which to file these documents. On October 28, 1994, Salazar filed such affidavit and receipt; however, the mailing had been returned, unclaimed, and Salazar’s counsel’s affidavit so stated. On December 27,1993, the same counsel that had since appeared in the action on behalf of defendant rental car company moved on behalf of Dorr to dismiss and/or quash service of process.
At the untranscribed hearing which followed, on February 16, 1994, the trial judge denied Dorr’s Motion to Dismiss but granted Salazar’s ore tenus Motion for Extension of Time. With no record for us to review as to what transpired at that hearing, the court directed the ear company to provide a better address and further ordered an additional sixty days within which to “serve Chrishane Dorr with a copy of service of process.” On March 7, 1994, Dorr received notice of service and the process by registered mail. Eight days later, Salazar filed a second affidavit of compliance with Dorr’s executed return receipt. On March 28,1994, Dorr again moved to quash service, arguing for the first time that since service of process was first perfected on the Secretary of State on September 30,1993, notice of service received by Dorr on March 7, 1994, and Salazar’s affidavit of compliance filed on March 15, 1994, were untimely. The trial court denied Dorr’s second motion to quash. We affirm that order.
Here, with no record of the hearing at issue, we affirm the trial court’s order based upon Salazar’s compliance with the court’s instructions. As ordered by the trial judge, Salazar remailed the papers to Dorr who admittedly received same. Salazar had timely filed the initial affidavit with the “unclaimed” receipt followed by the second affidavit and signed receipt. Again, the latter was filed pursuant to the order of February 16, 1994. Accordingly, the order under review is affirmed.